IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01289-CMA-NRN

BRIGHTHOUSE LIFE INSURANCE COMPANY,

    Plaintiff,

v.

RUSSELL GRIMM, individually and as personal representative of the Estate of Judith G. Hill;
V-DAY;
NATIONAL FAMILY PLANNING AND REPRODUCTIVE HEALTH ASSOCIATION, INC.; and
FIRST BOOK,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO DEPOSIT FUNDS INTO THE REGISTRY OF THE COURT, FOR DISMISSAL, AND FOR ATTORNEYS' FEES

Interpleader Plaintiff Brighthouse Life Insurance Company ("Brighthouse") has moved this Court for leave to deposit annuity assets into the Registry of the Court, for discharge and dismissal with prejudice, and for attorneys' fees and costs. (Doc. # 12.) Being fully informed, the Court orders as follows:

### I.   FACTS

1.     This is a civil action in the nature of interpleader, seeking a determination by the Court of the proper beneficiary or beneficiaries of Annuity Contract No. 3203434335 (the "Annuity"), issued to Judith G. Hill ("Hill") prior to her death. *See* (Doc. # 12-1). The

contract is an inherited IRA.

2. On or about April 7, 2010, Brighthouse issued the Annuity to Hill.

3. In her application for the Annuity, Hill listed her brother, Defendant Russell Grimm, as the beneficiary.

4. Hill died on or about May 13, 2016.

5. Prior to Hill's passing, on or about January 31, 2016, she changed the beneficiaries of the Annuity, removing Grimm and including Defendant V-Day, Defendant National Family Planning and Reproductive Health Association, Inc., Defendant First Book, and non-party NPR.

6. In or around December 2016, Brighthouse paid NPR a death benefit of $18,980.28 with respect to NPR's claim under the Annuity.

7. Commencing in February 2017, Brighthouse received correspondence from Defendant Grimm's attorney, representing both Defendant Grimm individually and Hill's Estate, challenging the change of beneficiary and claiming that many of the actions Hill took prior to her death were invalid.

8. On November 30, 2017, Defendant Grimm's attorney sent additional correspondence to Brighthouse, informing Brighthouse that the Denver Probate Court had ruled that changes Hill had made to her Last Will and Testament were invalid. The letter indicated that the changes to the beneficiary of the Annuity may well have been invalid as well.

9. Meanwhile, the other interpleader Defendants have claimed or may claim they are entitled to their share of the remaining death benefit of the Annuity.

10. Brighthouse is unable to determine who, under Colorado law, is the proper beneficiary of the Annuity.

## II. BRIGHTHOUSE IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS

11. Brighthouse is entitled to an award of attorneys' fees in connection with this interpleader action. *See, e.g.*, *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123 (10th Cir. Nov. 13, 1995) (fees are normally awarded to interpleader plaintiff who is disinterested, concedes its liability in full, deposits the disputed funds in court and seeks discharge); *U.S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975) (recognizing the common practice of ordering reasonable attorneys' fees paid to interpleader plaintiff from funds deposited with court); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193–94 (9th Cir. 1962) (interpleader plaintiff should be awarded attorneys' fees unless plaintiff contests issues with the interpleaded parties).

12. To date, Brighthouse has incurred attorneys' fees and costs totaling $8,766.00. Those fees were incurred in drafting the complaint, finding and serving the defendants, drafting this motion, and otherwise managing the case. The Court finds Brighthouse's requested costs and fees to be reasonable.

## III. CONCLUSION

WHEREFORE, the Court GRANTS Brighthouse's Motion (Doc. # 12) and ORDERS as follows:

(1) Plaintiff Brighthouse Life Insurance Company is ordered to deposit the Annuity assets at issue in this matter with the Clerk of the Court;

(2) Brighthouse is discharged from any further responsibility relating to the Annuity; this includes any liability whatsoever related to Brighthouse's payment of $18,980.28 to NPR, since Brighthouse made that payment prior to having any knowledge of the competing claims;

(3) Brighthouse is dismissed with prejudice from this action upon payment of the Annuity assets into the registry of the Court and is discharged from any and all liability whatsoever related to the Annuity assets; and

(4) Prior to depositing the Annuity assets into the registry of the Court, Brighthouse may deduct from them its attorneys' fees and costs incurred in pursuing this action, totaling $8,766.00.

(5) This dismissal is conditioned upon Brighthouse's compliance with all subsequent orders of this Court in this action.

(6) This dismissal does not affect the claims of interpleading Defendants with respect to disposition of the Annuity assets. This action shall continue as among Defendants.

DATED: September 21, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge